Schendlin, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/15

———————————————————— x
In re OSG SECURITIES LITIGATION        : Civil Action No. 1:12-cv-07948-SAS
                                       :
———————————————————— : CLASS ACTION
                                       :
This Document Relates To:              : [PROPOSED] ORDER PRELIMINARILY
                                       : APPROVING SETTLEMENT WITH
   ALL ACTIONS.                        : PRICEWATERHOUSE COOPERS LLP
———————————————————— x AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court styled *In re OSG Securities Litigation*, Civil Action No. 1:12-cv-07948-SAS (the "Action");

WHEREAS, Lead Plaintiffs Stichting Pensioenfonds DSM Nederland, Indiana Treasurer of State, and Lloyd Crawford, on behalf of themselves and each of the Class Members, and PricewaterhouseCoopers LLP ("PwC") have determined to settle all claims asserted against PwC in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement with PwC dated July 31, 2015 (the "PwC Stipulation") subject to the approval of this Court (the "PwC Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the PwC Settlement in accordance with the PwC Stipulation, certifying the Class for the purposes of the PwC Settlement only, and allowing notice to the Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) the Complaint filed in this Action on February 18, 2014; (b) Lead Plaintiffs' motion for preliminary approval of the PwC Settlement, and the papers filed and arguments made in connection therewith; and (c) the PwC Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the PwC Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the PwC Settlement, as embodied in the PwC Stipulation, as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on <u>Dec. 14</u>, 2015, at <u>2:30 p</u>.m., at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 15C, for the following purposes: (a) to determine whether the proposed PwC Settlement embodied by the PwC Stipulation is fair, reasonable, and adequate to the Class; and (b) to determine whether the Court should (1) enter the Order and Final Judgment approving the proposed PwC Settlement; (2) approve the Plan of Allocation; and (3) determine an award of attorneys' fees and expenses to Plaintiffs' Counsel and to the Lead Plaintiffs. At the Settlement Hearing, the Court will also hear any objections by Class Members to the PwC Stipulation or Plan of Allocation or any award of fees and expenses to Plaintiffs' Counsel or to the Lead Plaintiffs and consider such other matters as the Court may deem appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the PwC Settlement only, a Class defined as all Persons and entities who purchased or otherwise acquired (a) Overseas Shipholding Group, Inc.'s ("OSG") 8.125% Senior Notes Due 2018 (the "Senior Notes"), pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes; and/or (b) OSG's common stock during and inclusive of the period October 29, 2007 through October 19, 2012 (the "Class Period"). Excluded from the Class are:

(a) Persons or entities who timely and validly request exclusion from the Class in accordance with the requirements set forth herein and in the Notice of Pendency and Proposed Partial Settlements of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") to be sent to Class Members pursuant to this Order;

(b) Defendants in the Action, G. Allen Andreas ("Andreas"), and their respective successors and assigns; past and current officers and directors of OSG and the Underwriter Defendants and PwC and Ernst & Young LLP during the Class Period;

(c) members of the immediate families of the Individual Defendants and Andreas;

(d) the legal representatives, heirs, successors, or assigns of the Individual Defendants and Andreas; and

(e) any entity in which any of the above excluded Persons have or had a majority ownership interest.

4. For purposes of the proposed PwC Settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action would be impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints for purposes of settlement only the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than ten (10) days after the entry of this Order, OSG shall cause its transfer agent to provide to Lead Counsel and/or the Claims Administrator, in an electronic format acceptable to the Claims Administrator, a list of names and addresses of all record holders of OSG Senior Notes and common stock during the Class Period (the "Class List");

(b) Not later than Sept. 2, 2015 (the "Notice Date"), Lead Counsel and/or the Claims Administrator shall cause a copy of the Notice and the Proof of Claim form ("Proof of Claim"), substantially in the forms annexed hereto, to be mailed by First-Class Mail to all potential Class Members who or which may be identified with reasonable effort and to be posted on the Claims Administrator's website at www.osgsecuritieslitigation.com;

(c) Not later than Sept. 9, 2015, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than twenty-eight (28) calendar days before the Settlement Hearing, Lead Counsel shall serve on PwC's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased or otherwise acquired OSG Senior Notes or common stock during the Class Period for the benefit of another Person shall be requested to send the Notice and Proof of Claim to such beneficial owners of OSG Senior Notes or common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

7. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the PwC Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process,

constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

8. All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund as set forth in the PwC Stipulation, and in no event shall the Released PwC Parties bear any responsibility for such fees, costs, or expenses.

9. All Class Members (except Persons who request exclusion pursuant to ¶13 below) shall be bound by all determinations and judgments in the Action concerning the PwC Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable, to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

10. Class Members who wish to participate in the PwC Settlement shall complete and submit the Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than Dec. 2, 2015. Any Class Member who does not submit a Proof of Claim within the time provided (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; and (c) shall be forever barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the provisions of the PwC Stipulation, the Releases contained therein, and the Order and Final Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund

is not materially delayed thereby. Plaintiffs' Counsel shall not incur any liability for declining to accept any late-submitted claim.

11.     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his/her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of the Court and delivering a notice of appearance to both Lead Counsel and PwC's counsel, at the addresses set forth in ¶15 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who or which does not enter an appearance will be represented by Lead Counsel.

13.     Any Class Member may, upon request, be excluded or "opt out" from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), which must be mailed or delivered such that it is received no later than twenty-one (21)

days prior to the Settlement Hearing, to the address designated in the Notice. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) the Person's purchases, acquisitions and sales of OSG Senior Notes pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes, and/or OSG common stock between October 29, 2007 and October 19, 2012, inclusive, including the dates, number of OSG Senior Notes or common shares purchased, acquired or sold, and price paid or received for each such purchase, acquisition, or sale; and (c) that such Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the PwC Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the PwC Stipulation or any final judgment. A Request for Exclusion shall not be effective unless it is made in writing, provides all the required information, and is received within the time stated above, or is otherwise accepted by the Court.

14. Lead Counsel shall cause to be provided to PwC's counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing set forth in ¶2.

15. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed PwC Settlement and show cause, if he, she, or it has any cause, why the proposed PwC Settlement should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why any Fee and Expense Application should not be granted; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the

proposed PwC Settlement, or, if approved, the Order and Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any Fee and Expense Award, unless that Class Member or other Person has filed a written objection with the Court and served copies of any papers and briefs on Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Latham & Watkins LLP, Miles N. Ruthberg, 885 Third Avenue, New York, NY 10022-4834, on or before Nov. 23, 2015; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, on or before Nov. 23, 2015. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be barred and foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed PwC Settlement as incorporated in the PwC Stipulation, to the Plan of Allocation, and to the Fee and Expense Application or the Fee and Expense Award, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the PwC Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose the PwC Settlement.

16. Any objections, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the Person objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and sales

- 8 -

1061219_1

of OSG Senior Notes pursuant or traceable to OSG's March 2010 registration statement and prospectus supplement for the Senior Notes, and/or OSG common stock between October 29, 2007 and October 19, 2012 inclusive, including the dates, number of OSG Senior Notes or common shares purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale.

17. Lead Counsel and PwC's counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the PwC Stipulation and/or further order(s) of the Court.

19. All papers in support of the PwC Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served by Lead Counsel no later than twenty-eight (28) calendar days prior to the Settlement Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

20. The Released PwC Parties shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the PwC Settlement.

21. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

22. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the PwC Stipulation. In the event the Court does not approve the PwC Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to the PwC Stipulation.

23. If the PwC Settlement is terminated as provided in the PwC Stipulation, or the Effective Date of the PwC Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect as to the parties to the PwC Settlement, except as otherwise provided by the PwC Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, or PwC, and the Lead Plaintiffs and PwC in that instance shall revert to their positions in the Action on __NOV. 20__, 2014, as provided in the PwC Stipulation.

24. Neither this Order, the PwC Stipulation (whether or not consummated), including the exhibits thereto, the Plan of Allocation to be proposed by Lead Plaintiffs (or any other plan of allocation that may be approved by the Court), nor any of their terms or provisions, nor any of the negotiations or proceedings leading to the execution of the PwC Stipulation, nor any proceedings taken pursuant to or in connection with the PwC Stipulation and/or approval of the PwC Settlement (including any arguments proffered in connection therewith): (a) shall be offered against the Released PwC Parties as evidence of, or construed as, or deemed to be evidence of (i) any presumption, concession, or admission by any of the Released PwC Parties with respect to the truth of any fact alleged by Lead Plaintiffs, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or the deficiency of any defense that has been or could have been asserted by PwC in this Action or in any other litigation, or (ii) any liability, negligence, fault, or other wrongdoing of any kind of any of the Released PwC Parties, or in any way referred to for any other reason as against any of the Released PwC Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; (b) shall be offered against any Lead Plaintiffs or Class Members as evidence of, or construed as, or deemed to be evidence of (i) any presumption,

- 10 -

concession, or admission by any Lead Plaintiffs or Class Members that any of their claims are without merit, that the Released PwC Parties had meritorious defenses, or that damages recoverable against PwC under the Complaint would not have exceeded the Settlement Amount, or (ii) any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any Lead Plaintiffs or Class Members, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the PwC Stipulation; or (c) shall be construed against any Lead Plaintiffs or Class Members or Released PwC Parties as an admission, concession, or presumption that the consideration to be given under the PwC Settlement represents the amount which could be or would have been recovered against PwC after trial; *provided, however,* that if the PwC Stipulation is approved by the Court, the Lead Plaintiffs and PwC and the Released PwC Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the PwC Settlement. The Released PwC Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the PwC Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25. Unless otherwise ordered by the Court, all proceedings in the Action against PwC are stayed, except as may be necessary to implement the PwC Settlement or comply with the terms of the PwC Stipulation or other agreement of Lead Plaintiffs and PwC. Pending final determination of whether the PwC Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of

the Released PwC Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

26.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed PwC Settlement. The Court may approve the PwC Settlement, with such modifications as may be agreed to by Lead Plaintiffs and PwC, if appropriate, without further notice to the Class. The Court reserves the right to enter the Order and Final Judgment approving the PwC Settlement regardless of whether it has approved the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses and the payment of time and expenses of Lead Plaintiffs in their representation of the Class.

IT IS SO ORDERED.

DATED: August 12, 2015

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE